*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* B. L. GILLAND, Minor.

UNPUBLISHED
May 18, 2023

No. 363275
Grand Traverse Circuit Court
Family Division
LC No. 21-004961-NA

Before: CAMERON, P.J., and K. F. KELLY and M. J. KELLY, JJ.

PER CURIAM.

Respondent appeals as of right an order of disposition in this child-protection case involving his daughter. The child was removed from the care of respondent and her mother. Following a bench trial, the court found statutory grounds to exercise temporary jurisdiction over the child. On appeal, respondent contends that the court erred by removing the child from his care at the preliminary hearing,[1] and he argues that his lawyer provided ineffective assistance by failing to attempt to appeal the removal. We affirm because there are no errors warranting reversal.

Respondent argues that the court erred by removing his child from his care. Factual findings regarding a court's removal decision are reviewed for clear error. *In re Benavides*, 334 Mich App 162, 167, 169; 964 NW2d 108 (2020).

---

[1] In his appellate brief, respondent references the statutory criteria for taking jurisdiction, but he then argues that "the criteria for removal at the Preliminary Hearing" had not been established. And in his brief, in general, he refers to the preliminary hearing and to the petition at issue at that time, not to the bench trial or any supplemental petitions that were at issue during the bench trial. He contends that petitioner, the Department of Health and Human Services (DHHS) "and the Court failed to honor . . . actions taken by Respondent Father and gave DHHS power over the minor child after the preliminary hearing." Accordingly, although the brief is somewhat confusing, it is apparent that respondent is challenging the removal decision.

The removal of a child from his or her parents' care is governed by statute and court rule. MCL 712a.13a(9) states:

> The court may order placement of the child in foster care if the court finds all of the following conditions:
>
> (a) Custody of the child with the parent presents a substantial risk of harm to the child's life, physical health, or mental well-being.
>
> (b) No provision of service or other arrangement except removal of the child is reasonably available to adequately safeguard the child from risk as described in subdivision (a).
>
> (c) Continuing the child's residence in the home is contrary to the child's welfare.
>
> (d) Consistent with the circumstances, reasonable efforts were made to prevent or eliminate the need for removal of the child.
>
> (e) Conditions of child custody away from the parent are adequate to safeguard the child's health and welfare.[2]

MCR 3.965(B)(12) states, in part:

> Unless the preliminary hearing is adjourned, the court must decide whether to authorize the filing of the petition and, if authorized, whether the child should remain in the home, be returned home, or be placed in foster care pending trial. The court may authorize the filing of the petition upon a showing of probable cause, unless waived, that one or more of the allegations in the petition are true and fall within MCL 712A.2(b).

See also *In re Benavides*, 334 Mich App at 170 (stating that, at the time of the preliminary hearing, "the court must determine if the petition should be authorized and, if so, whether the child should remain in the home, be returned home, or be placed in foster care pending trial.") (quotation marks and citation omitted.)

Finally, as relevant to this case, MCL 700.5103(1) states:

> By a properly executed power of attorney, a parent or guardian of a minor or a guardian of a legally incapacitated individual may delegate to another person, for a period not exceeding 180 days, any of the parent's or guardian's powers regarding care, custody, or property of the minor child or ward, except the power

---

[2] We note that a 2022 amendment did not affect the language at issue in this case. See 2022 PA 200. See also MCR 3.965(C)(2).

to consent to marriage or adoption of a minor ward or to release of a minor ward for adoption.

The crux of respondent's argument on appeal is that the court should not have removed the child from his care because, by the time of the preliminary hearing, he had signed a POA granting his mother authority over the child. See, e.g., *In re Sanders*, 495 Mich 394, 420-421; 852 NW2d 524 (2014) (an incarcerated parent can direct who is to care for his or her child); see also *In re Mason*, 486 Mich 142, 161 n 11; 782 NW2d 747 (2010). However, in *In re MU*, 264 Mich App 270, 278-279; 690 NW2d 495 (2004), this Court explained that the pertinent period for assessing unfitness is "the time the petition was filed."

Here, at the time the July petition was filed, no POA had been initiated. In addition, respondent had been informed about the child's mother's domestic violence and substance abuse in early June. Subsequently, respondent was released from jail. At that time, notwithstanding that he was not incarcerated, respondent failed to even contact DHHS when asked to do so. He was then incarcerated again. Respondent contends on appeal that it takes time to execute things such as a POA while in jail, but given that he was out of jail for a period, his explanation for the failure to timely execute a POA rings hollow. Under the circumstances of this case, the court did not clearly err by concluding that removal was appropriate.

Moreover, given that the court's removal decision was not clearly erroneous, respondent's trial lawyer did not provide ineffective assistance by failing to appeal that decision. See *In re Martin*. 316 Mich App 73, 86; 896 NW2d 452 (2016) (stating that a lawyer's failure to raise a futile challenge is not ineffective assistance of counsel).[3] Further, although respondent argues that the failure to appeal the removal rendered his lawyer's arguments at the adjudication trial "moot," the record does not support that assertion. Rather, respondent's lawyer argued that DHHS should have, before filing a petition against respondent, attempted to comply with his desire for his mother or the child's great-grandparents to care for her. The court asked whether this was an argument about removal and noted that the removal decision had not been appealed. Respondent's lawyer, however, argued that the facts related to the removal remained relevant to jurisdiction, and the court agreed with that assessment. Thus, contrary to respondent's argument on appeal, the court did not refuse to entertain his lawyer's arguments on the basis of "non-preservation." Rather, the court found that the respondent had not acted in a timely manner in attempting to arrange for the child's care, and noted that the people suggested for placement needed to be vetted by DHHS. Both respondent's mother and the great-grandmother were subsequently deemed not appropriate for placement.

---

[3] MCR 3.993(A) provides that "any order removing a child from a parent's care and custody" is appealable as of right. However, given that respondent was jailed at the time of the removal, as well as evidence that the child had been primarily cared for by her great-grandparents and was placed with the great-grandparents after the preliminary hearing, it is not entirely clear that respondent would have had an appeal as of right. See, e.g., *In re AJR*, ___ Mich App ___; ___ NW2d ___ (2022) (Docket No. 358788) (discussing how to determine when a child has been "removed" in the context of MCR 3.993(A)).

Under the present circumstances, we conclude that respondent is not entitled to appellate relief.

Affirmed.

/s/ Thomas C. Cameron
/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly